Filed 1/18/24  P. v. Cross CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062184 |
| v. | (Super. Ct. No. 06NF4190) |
| GEORGE EUGENE CROSS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Cheri T. Pham, Judge.  Affirmed.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

George Eugene Cross appeals from the denial of his petition to seal his arrest and related records (Pen. Code, § 851.91).[1] His appointed appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, setting forth the procedural facts of the case and requesting Cross be permitted to file a supplemental brief. Cross filed a supplemental brief in which he raises several issues concerning the judgment in his underlying case, where he was convicted and sentenced to prison for a term of 25 years to life.[2] We affirm the postjudgment order.

PROCEDURAL HISTORY

In June 2009, the district attorney filed a second amended information, alleging Cross committed a forcible rape in 1997. (§ 261, subd. (a)(2).) The second amended information included two separate allegations under the "One Strike" law that the offense was committed during the commission of a burglary. (§ 667.61, subds. (a), (d)(4) [providing for a sentence of 25 years to life]; § 667.61, subds. (b), (e)(2) [providing for a sentence of 15 years to life].)

Following a jury trial, Cross was convicted of the offense and both of the One Strike allegations were found to be true. The court sentenced Cross to prison for a term of 25 years to life based on one of the One Strike findings (§ 667.61, subds. (a), (d)(4)). The court stayed the punishment on the other One Strike finding (§ 667.61, subds. (b), (e)(2)). Cross appealed, and the judgment was affirmed on appeal.

_____

[1] All further statutory references are to the Penal Code.

[2] In his supplemental brief, Cross also raises issues concerning a judgment against him in Sacramento County. He filed a motion in this court to recall the remittitur in his Sacramento County case and requested that case be consolidated with this appeal. Treating his filing as a motion to consolidate, we denied his request to consolidate this appeal with his Sacramento case. The Third District Court of Appeal has jurisdiction over Cross's case in Sacramento County.

On November 10, 2022, Cross filed a petition under section 851.91 to seal his arrest and other records related to his conviction. Using a Judicial Council form, Cross indicated in his petition he was entitled to have his arrest records sealed because his arrest did not result in a conviction and he satisfied the requirements of section 851.91. In December 2022, the trial court denied the petition. Cross timely appealed the court's order denying his petition.

## DISCUSSION

In his supplemental brief, Cross does not address the issue in this appeal — whether the court erred in denying his section 851.91 petition to seal his arrest and related records.[3] Instead, he makes several arguments concerning the validity of his underlying conviction and sentence.[4] Cross may not use this appeal to attack the underlying judgment, which was upheld on appeal and has been final since 2013. His claims concerning his underlying conviction and sentence are beyond the scope of this appeal.[5]

Cross's supplemental brief does not identify any grounds for reversing the court's postjudgment order denying his motion to seal his arrest and related records. We have also examined the record and are satisfied Cross's counsel fully complied with the responsibilities of appellate counsel and no arguable issues exist. Accordingly, we deny Cross's request for new counsel on appeal.

---

[3] Section 851.91 "provides for the sealing of arrest records in certain situations when the arrest did not result in a conviction." (*People v. D.C.* (2020) 54 Cal.App.5th 727, 733.)

[4] Several of Cross's arguments are based on his misunderstanding of when section 667.61 was enacted. Section 667.61 took effect on November 30, 1994. (*People v. Wutzke* (2002) 28 Cal.4th 923, 929.)

[5] To the extent Cross requests in his supplemental brief that we recall the remittitur, we deny this request.

## DISPOSITION

The postjudgment order denying Cross's motion to seal his arrest and related records pursuant to section 851.91 is affirmed.


MOTOIKE, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.